*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

LIDI MARYANOVSKA,

        Defendant-Appellant.

FOR PUBLICATION
July 13, 2023
9:00 a.m.

No. 362098
Oakland Circuit Court
LC No. 2004-194776-FH

Before: CAMERON, P.J., and BORRELLO and O'BRIEN, JJ.

PER CURIAM.

Defendant, Lidi Maryanovska, appeals by delayed leave granted[1] the order denying her application to set aside her convictions of one count of possession with intent to deliver less than 50 grams of cocaine, MCL 333.7401(2)(a)(*iv*), one count of delivery of marijuana, MCL 333.7401(2)(d)(*iii*), and two counts of possession with intent to deliver marijuana, MCL 333.7401(2)(d)(*iii*). Two of defendant's convictions occurred within 24 hours of each other and arose from the same transaction. Defendant argues that these two convictions should have been treated as a single conviction pursuant to MCL 780.621b(1), known as the "one bad night provision," which would have brought her total number of convictions down to three and made her eligible to have her convictions set aside under the setting aside convictions act (SACA), MCL 780.621 *et seq*. We conclude that those two convictions cannot be treated as a single conviction under MCL 780.621b(1) because one of those convictions carries a maximum penalty of more than 10 years' imprisonment. Accordingly, we affirm.

## I. BACKGROUND

This case arises from defendant's plea of no contest to four controlled-substance offenses related to events from January 2004. According to the presentence investigation report that was prepared for defendant's convictions, on January 14, 2004, an undercover officer purchased a bag

---

[1] *People v Maryanovska*, unpublished order of the Court of Appeals, entered December 12, 2022 (Docket No. 362098).

of marijuana for $150 from defendant at a gas station. On January 21, 2004, the officer again met defendant at the gas station and purchased a half pound of marijuana from defendant for $950. On January 28, 2004, the officer purchased several baggies of marijuana from defendant for $750 at the same gas station. When defendant got home after this last transaction, she was arrested. The police searched her purse and found a plastic bag, inside of which were three knotted plastic baggies each containing 1-2 grams of cocaine.

On June 6, 2005, defendant pleaded no contest to (1) one count of delivery of marijuana related to the January 14, 2004 transaction, (2) one count of delivery of marijuana related to the January 21, 2004 transaction, (3) one count of delivery of marijuana related to the January 28, 2004 transaction, and (4) one count of possession with intent to deliver less than 50 grams of cocaine related to the January 28, 2004 search of her purse. She was sentenced to probation, and was discharged from probation in 2006.

On November 30, 2021, defendant filed the present application to set aside her convictions. At a hearing on her application, defendant argued that, under the new "clean slate" legislation that went into effect on April 11, 2021, her two convictions arising from the events on January 28, 2004, should be counted as a single conviction under "the one bad night provision" in MCL 780.621b(1). The trial court took the matter under advisement.

On May 6, 2022, the trial court entered an order denying the application. This appeal followed.

## II. STANDARD OF REVIEW

A trial court's decision on an application to set aside a conviction is reviewed for an abuse of discretion. See MCL 780.621d(13). A trial court abuses its discretion when it chooses an outcome that falls outside the range of principled outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). This Court reviews de novo questions of statutory interpretation. *People v Dixon-Bey*, 321 Mich App 490, 496; 909 NW2d 458 (2017).

## III. ANALYSIS

Defendant contends that the trial court should have treated her two convictions arising from the January 28, 2004 events as a single conviction pursuant to MCL 780.621b(1), which would have brought her total number of convictions down to three for purposes of the SACA and made her eligible to have her convictions set aside. We disagree.

This case involves the 2021 amendments to the SACA. See 2020 PA 191.[2] There is no published caselaw addressing MCL 780.621b(1), the provision at issue in this case. Thus, this question of statutory interpretation is an issue of first impression. In interpreting a statute, the goal "is to ascertain and give effect to the intent of the Legislature." *People v Gardner*, 482 Mich 41, 50; 753 NW2d 78 (2008) (quotation marks and citation omitted). The strongest indicator of

---

[2] Additional amendments took effect on February 19, 2022, see 2021 PA 78, but are not relevant to this case.

legislative intent is the words the Legislature used in the statute. *Id.* When the language of a statute is clear and unambiguous, this Court must assume that the Legislature intended its plain meaning and enforce the statute as written. *Id.*

MCL 780.621(1)(a) provides:

> (1) Except as otherwise provided in this act, a person who is convicted of 1 or more criminal offenses may file an application with the convicting court for the entry of an order setting aside 1 or more convictions as follows:
>
> (a) Except as provided in subdivisions (b) and (c), a person convicted of 1 or more criminal offenses, but not more than a total of 3 felony offenses, in this state, may apply to have all of his or her convictions from this state set aside.

MCL 780.621b provides, in relevant part:

> (1) For purposes of a petition to set aside a conviction under section 1 or 1e, more than 1 felony offense or more than 1 misdemeanor offense must be treated as a single felony or misdemeanor conviction if the felony or misdemeanor convictions were contemporaneous such that all of the felony or misdemeanor offenses occurred within 24 hours and arose from the same transaction, provided that none of those felony or misdemeanor offenses constitute any of the following:
>
> (a) An assaultive crime.
>
> (b) A crime involving the use or possession of a dangerous weapon.
>
> (c) A crime with a maximum penalty of 10 or more years' imprisonment.
>
> (d) A conviction for a crime that if it had been obtained in this state would be for an assaultive crime.

Two of defendants' convictions arose from events that occurred on January 28, 2004. The parties agree that these two offenses occurred within 24 hours of each other and arose from the same transaction. The prosecution nevertheless contends that MCL 780.621b(1) is inapplicable because one of defendant's convictions arising from the January 28, 2004 events was for a crime with a maximum penalty of 10 or more years' imprisonment. See MCL 780.621b(1)(c). We agree.

One of defendant's convictions arising from her conduct on January 28, 2004, was for possession with intent to deliver less than 50 grams of cocaine. At the time defendant committed this offense, it was "punishable by imprisonment for not more than 20 years or a fine of not more than $25,000.00, or both." See MCL 333.7401(2)(a)(*iv*), as amended by 2002 PA 710, effective April 1, 2003.[3] MCL 780.621b(1)(c) states that the one-bad-night provision applies "provided that

---

[3] MCL 333.7401(2)(a)(*iv*) has been amended since 2004, but the maximum penalty for possession with intent to deliver less than 50 grams of cocaine remains the same.

none of [the] felony or misdemeanor offenses constitute[s] . . . [a] crime with a maximum penalty of 10 or more years' imprisonment." Because defendant's conviction of possession with intent to deliver less than 50 grams of cocaine constitutes a crime with a maximum penalty of 10 or more years' imprisonment, MCL 780.621b(1)(c) precludes application of the one-bad-night provision to that conviction.

Defendant does not otherwise dispute that she has two additional felony convictions that do not qualify for aggregation. Thus, defendant has four felony convictions in total, and she is not eligible to have her convictions set aside under MCL 780.621(1)(a). Accordingly, defendant has not demonstrated that the trial court erroneously applied the law or otherwise abused its discretion.

Affirmed.

/s/ Thomas C. Cameron
/s/ Stephen L. Borrello
/s/ Colleen A. O'Brien